UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR DIRECTOR, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-6459 EMC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED**<br><br>**(Docket No. 60)** |

    Defendants moved to dismiss Plaintiff's Second Amended Complaint on October 24, 2013.[1] Dkt. No. 56. On November 19, 2013 – twelve days after his opposition was due – Plaintiff filed a document which included a request for an extension of time until December 2, 2013 to file his opposition to Defendants' motion to dismiss. Dkt. No. 60. This document also seeks to have Defendants' disciplined for "acts of fraud and deceit." *Id.* On November 22, 2013, Plaintiff filed his opposition. (Dkt. No. 61).

---

[1] Plaintiff is a frequent filer in the federal and state court systems. The California courts have deemed him to be a vexatious litigant. *See Bravo v. Ismaj*, 99 Cal. App. 4th 211 (2002). Further, Plaintiff has been subjected to a prefiling order in the Ninth Circuit Court of Appeals since early 2009. *See In re Bravo*, No. 08-80086, Dkt. No. 16. Finally, the United States Supreme Court has noted that Plaintiff has "repeatedly abused this Court's process" and, as a result, Plaintiff is barred from filing any future petitions with that Court unless he pays the docketing fee and submits a petition which complies with Rule 33.1. *In re Bravo*, 130 S. Ct. 293 (2009).

1    Plaintiff's request for an extension of time to file his opposition is **GRANTED** and his late
2 opposition shall be filed. Defendants' may file a reply to Plaintiff's opposition within one week of
3 this order.

4    Plaintiff's request to have the Defendants disciplined is **DENIED**. Plaintiff's request to have
5 this action stayed pending an investigation by the Federal Bureau of Investigation (*Id.* at 1) is
6 **DENIED**.

7    Plaintiff is **ORDERED** to **SHOW CAUSE** why this case should not be dismissed for the
8 following reasons. While Defendants – attorneys who allegedly represented Plaintiff in parole
9 revocation proceedings – have moved to dismiss on a number of grounds, "[a] trial court may
10 dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)" and such a dismissal "may be made
11 without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813
12 F.2d 986, 991 (9th Cir. 1987).

13    Rather than dismiss Plaintiff's action without notice, the Court will afford Plaintiff an
14 opportunity to address what the Court believes are the fundamental problems with Plaintiff's suit.
15 Plaintiff's exhibits attached to the Second Amended Complaint reveal he was sentenced to a seven-
16 year determinate sentence in 2004 after a jury convicted him of attempted carjacking and attempted
17 kidnapping in violation of Cal. Penal Code § 665-209.5(A) and § 664-215(A). Dkt. No. 53, at 58-
18 59. Plaintiff then refused on a number of occasions to sign the Notice and Conditions of Parole
19 form. *See id.* at 48. Plaintiff's Second Amended Complaint asserts that the Defendants conspired
20 with the State of California to illegally imprison Plaintiff after he refused to sign a document
21 detailing the conditions of parole. *See, e.g.*, SAC at 1, 4. 9, *et seq.* Plaintiff asserts that because his
22 abstract of judgment did not reference a term of parole, once he served his seven-year prison
23 sentence, he was entitled to be released without any parole obligations or conditions. *See id.* at 6.[2]

---

[2] Plaintiff's abstract of judgment does not appear to reference any term of parole. Had Plaintiff been sentenced pursuant to a plea agreement, the failure to advise him of the mandatory parole term under California's determinate sentencing regime may have created constitutional problems. *See Carter v. McCarthy*, 806 F.2d 1373, 1376 (9th Cir. 1986) (finding guilty plea was not voluntary and intelligent as defendant was not made aware of the requirement of a mandatory parole term). As Plaintiff was convicted by a jury, the concerns raised in *Carter* do not appear applicable. *See Wilson v. Schwarzeneggar*, No. CV 09-4186-MMM (PLA), 2010 WL 5422511, at *8 (C.D. Cal. Nov. 16, 2010) ("[T]he failure to inform a criminal defendant convicted pursuant to a jury trial about

Plaintiff's theories appear belied by California law and the cases interpreting it. Under California's determinate sentencing regime, a mandatory parole period is applied following the end of the prisoner's determinate prison term. *See* Cal. Penal Code § 3000; *see also In re Jackson*, 39 Cal. 3d 464, 470 n.5 (1985) ("With the advent of determinate sentencing, individuals sentenced to determinate prison terms are no longer subject to Board determinations of suitability and release on parole. At the expiration of the determinate prison term, such individuals are automatically placed on parole for a fixed period."). Thus, "[u]nder California law, once [Plaintiff] was sentenced to a determinate period of incarceration, the imposition of an additional period of parole was . . . mandatory." *Lischefski v. Scribner*, No. CV 05-4513 AHS (JC), 2011 WL 4527810, at *14 (C.D. Cal. Aug. 2, 2011). Thus, like the plaintiff in *Crosby v. Woodford*, No. Civ.S-03-2634LKKGGHP, 2006 WL 190827 (E.D. Cal. Jan. 23, 2006), "Plaintiff's conceptual miscue here on the merits is that he does not view parole as part of his criminal sentence. It certainly is." *Id.* at *4 n.10.

Before it was amended in June 2012, Cal. Penal Code § 3060.5 provided, in relevant part, that the "parole authority shall revoke the parole of any prisoner who refuses to sign a parole agreement setting forth the general and any special conditions applicable to the parole." Failure to sign resulted in confinement for 6 months. *Id.* Courts have expressly found that requiring California inmates to sign a Notice and Conditions of parole form does not violate the Constitution. *See, e.g.*, *Wilson v. Schwarzeneggar*, No. CV 10-2306-MMM (PLA), 2010 WL 5422548, at *5 (C.D. Cal. Nov. 16, 2010) ("California's requirement that inmates must sign the Notice and Conditions of Parole form does not violate federal law or the constitution."); *see also De Medeiros v. Yates*, No. 1:05-cv-00397-AWI-MJS (PC), 2011 WL 386867, at *8 (E.D. Cal. Feb. 3, 2011) (same)

It appears that Plaintiff's case rests on older California cases which provided that a prisoner may "reject[] the offer of parole." *See, e.g.*, *Application of Kimler*, 37 Cal. 2d 568, 575 (1951) (in bank). These cases do not appear applicable to individuals convicted and sentenced to a determinate sentence after California adopted its determinate sentencing regime in 1976. *See People v. Reyes*,

---

mandatory parole does not invalidate the sentence.").

19 Cal. 4th 743, 749 (1998) ("[U]nder the Determinate Sentencing Act of 1976, parole is not a matter of choice. The Board of Prison Terms must provide a period of parole; the prisoner must accept it.").

In light of the above, it appears that Plaintiff was not falsely imprisoned because: (1) California law required a term of parole following Plaintiff's determinate sentence; (2) California law required a parolee to sign an agreement setting forth the terms applicable to the parole; (3) failure of a parolee to sign the Notice and Conditions of Parole form resulting in parole being revoked for six months; and (4) Plaintiff refused to sign the Notice and Conditions of Parole form on multiple occasions. Because all of Plaintiff's causes of actions are based on his allegations of false imprisonment, it thus appears that Plaintiff has failed to state a claim.

Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** why this action should not be dismissed, with prejudice, for the reasons stated above. Plaintiff's response to this order to show cause shall be due Monday, December 30, 2013. The December 11, 2013 hearing on Defendant's motion to dismiss is **VACATED** and will be reset at a future date, if necessary.

This order disposes of Docket No. 60.

IT IS SO ORDERED.

Dated: December 2, 2013

_____
EDWARD M. CHEN
United States District Judge