United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>        Plaintiff,<br><br>        v.<br><br>CDCR DIRECTOR, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-6459 EMC<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO RECUSE; (2) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT; AND (3) DISMISSING THE CASE** |

On December 2, 2013, this Court issued an order granting Plaintiff an extension of time to respond to Defendant's motion to dismiss further ordering Plaintiff to show cause why his case should not be dismissed, with prejudice, on the merits. On December 27, 2013, Plaintiff filed his response. In this response, Plaintiff argues that the undersigned is "abusing color of law to obstruct justice and violate my civil rights by (knowingly and intentionally . . . ) violating . . . and/or . . . suppressing State of California laws." Dkt. No. 64, at 1. Accordingly, Plaintiff has expressly requested that the undersigned recuse himself. *Id.* at 14.

Under 28 U.S.C. § 455(a) provides that a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In effect, Plaintiff is arguing that the order to show cause – in which the undersigned raised several specific concerns regarding Plaintiff's ability to state a claim – constitutes a violation of his civil rights. However, prior rulings rarely, if ever, give rise to disqualification or recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (affirming district court's

denial of motion to recuse where only evidence of bias were judge's rulings on prior motions and a general allegation of discrimination). This Court's prior order contains no indication of bias or partiality but rather examines applicable precedent and invites Plaintiff to respond to it. Plaintiff may disagree with the Court's analysis, but this is not a basis for recusal. Accordingly, Plaintiff has failed to identity a factual basis for recusal that would lead a reasonable person to question the undersigned's impartiality and, as a result, his request for recusal of the undersigned is **DENIED**.

Further, having reviewed the substance of Plaintiff's response to this Court's order to show cause, this Court finds that dismissal with prejudice is warranted. Accordingly, for the reasons articulated in the Court's December 2, 2013 order to show cause, the Court *sua sponte* **DISMISSES** this action with prejudice for failure to state a claim. Accordingly, Defendant's motion to dismiss is **DENIED** as moot.

IT IS SO ORDERED.

Dated: January 9, 2014

_____
EDWARD M. CHEN
United States District Judge